MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ISIDORO ARACENA ALMONTE,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
|  | **COMPLAINT** |
| *Plaintiff,* |  |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b) AND RULE 23** |
| TRISTATE PARKING INC. , NELSON | **CLASS ACTION** |
| RODRIGUEZ , KELVIN RODRIGUEZ , and |  |
| HENRY DELGADO , | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Isidoro Aracena Almonte ("Plaintiff Aracena" or "Mr. Aracena"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against TriState Parking Inc. , ("Defendant Corporation"), Nelson Rodriguez,  Kelvin Rodriguez, and  Henry Delgado, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff Aracena is a former employee of Defendants TriState Parking Inc. , Nelson Rodriguez, Kelvin Rodriguez, and Henry Delgado.

2.      Defendants own, operate, or control a parking management company, whose headquarters is located  at 156 Main Street, Hackensack NJ 07601. However, Plaintiff Aracena

primarily worked in various locations in Queens County, New York, but primarily at 43-19 37th Street, Long Island City, NY 11101.

3.      Upon information and belief, individual Defendants Nelson Rodriguez, Kelvin Rodriguez, and Henry Delgado, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the parking management company as a joint or unified enterprise.

4.      Plaintiff Aracena was employed as a parking attendant at the parking management company who rendered services all around Queens County, New York.

5.      At all times relevant to this Complaint, Plaintiff Aracena worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Aracena appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Aracena wages on a timely basis.

8.      Regardless, at all relevant times, Defendants paid Plaintiff Aracena at a rate that was lower than the required tip-credit rate.

9.Defendants' conduct extended beyond Plaintiff Aracena to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aracena and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Aracena now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Aracena now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Aracena's state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants operate a parking management company located in this district. Further, Plaintiff Aracena was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Isidoro Aracena Almonte ("Plaintiff Aracena" or "Mr. Aracena") is an adult individual residing in Queens County, New York.

16.     Plaintiff Aracena was employed by Defendants at TriState Parking Inc. from approximately 2009 until on or about January 5, 2019.

17.     Plaintiff Aracena consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a parking management company, located at 156 Main Street, Hackensack NJ 07601. However Plaintiff Aracena primarily worked in Queens County.

19.     Upon information and belief, TriState Parking Inc.  is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 156 Main Street, Hackensack NJ 07601.

20.     Defendant Nelson Rodriguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nelson Rodriguez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nelson Rodriguez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aracena, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Kelvin Rodriguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kelvin Rodriguez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant

Kelvin Rodriguez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aracena, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Henry Delgado is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Henry Delgado is sued individually in his capacity as a manager of Defendant Corporation. Defendant Henry Delgado possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aracena, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

23.    Defendants operate a parking management company operating in multiple neighborhoods in New York City.

24.    Individual Defendants, Nelson Rodriguez, Kelvin Rodriguez, and Henry Delgado, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Aracena's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Aracena, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Aracena (and all similarly situated employees) and are Plaintiff Aracena's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Aracena and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Nelson Rodriguez and Kelvin Rodriguez operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Aracena's employers within the meaning of the FLSA and New York Labor Law.

31. Defendants had the power to hire and fire Plaintiff Aracena, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Aracena's services.

32. In each year from,2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the parking management company on a daily basis are goods produced outside of the State of  New York.

*Individual Plaintiff*

34. Plaintiff Aracena is a former employee of Defendants who was employed as a parking attendant.

35. Plaintiff Aracena seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Isidoro Aracena Almonte*

36. Plaintiff Aracena was employed by Defendants from approximately 2009 until on or about January 5, 2019.

37.     Defendants ostensibly employed Plaintiff Aracena as a parking attendant.

38.     Plaintiff Aracena regularly handled goods in interstate commerce, produced outside the State of New York.

39.     Plaintiff Aracena's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Aracena regularly worked in excess of 40 hours per week.

41.     From approximately February 2013 until on or about January 5, 2019, Plaintiff Aracena worked from approximately 7:00 p.m. until on or about 4:00 a.m., Mondays to Fridays and from approximately 7:30 p.m. until on or about 4:00 a.m., on Saturdays (typically 53.5 hours per week).

42.     Throughout the months of July 2014, July 2016, and July 2018, Plaintiff Aracena worked a double shift from approximately 11:30 a.m. until on or about 4:00 a.m., Mondays, Wednesdays, and Fridays in addition to working from approximately 7:00 p.m. until on or about 4:00 a.m., Tuesdays and Thursdays and from approximately 7:30 p.m. until on or about 4:00 a.m., on Saturdays (typically 76 hours per week).

43.     Defendants always paid Plaintiff Aracena his wages in cash throughout his employment.

44.     From approximately February 2013 until on or about January 5, 2019, Defendants paid Plaintiff Aracena $35 per shift.

45.     Defendants never granted Plaintiff Aracena any breaks or meal periods of any kind.

46.     Plaintiff Aracena was never notified by Defendants that his tips were being included as an offset for wages.

47.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Aracena's wages.

48.    Plaintiff Aracena was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Aracena regarding overtime and wages under the FLSA and NYLL.

50.    Defendants did not provide Plaintiff Aracena an accurate statement of wages, as required by NYLL 195(3).

51.    Defendants did not give any notice to Plaintiff Aracena, in English and in Spanish (Plaintiff Aracena's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aracena (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

53.    Plaintiff Aracena was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.    Defendants' pay practices resulted in Plaintiff Aracena not receiving payment for all his hours worked, and resulted in Plaintiff Aracena's effective rate of pay falling below the required minimum wage rate.

55.    Plaintiff Aracena and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

56.    In violation of federal and state law as codified above, Defendants classified Plaintiff Aracena and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

57.    Defendants failed to inform Plaintiff Aracena who received tips that Defendants intended to take a deduction against Plaintiff Aracena's earned wages for tip income, as required by the NYLL before any deduction may be taken.

58.    Defendants failed to inform Plaintiff Aracena who received tips, that his tips were being credited towards the payment of the minimum wage.

59.    Defendants failed to maintain a record of tips earned by Plaintiff Aracena who worked as a parking attendant for the tips he received.

60.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.    Defendants always paid Plaintiff Aracena his wages in cash.

62.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Aracena (and similarly situated individuals) worked, and to avoid paying Plaintiff Aracena properly for his full hours worked.

64.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Aracena and other similarly situated former workers.

66.    Defendants failed to provide Plaintiff  Aracena and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67.    Defendants failed to provide Plaintiff Aracena and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

68.    Plaintiff Aracena brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69.    At all relevant times, Plaintiff Aracena and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

70.    The claims of Plaintiff Aracena stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

71.    Plaintiff Aracena sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

72.    Plaintiff Aracena brings his New York Labor Law minimum wage, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Aracena, are referred to herein as the "Class."

73.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

74.     There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiff Aracena the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

75.     The claims of the representative parties are typical of the claims of the class. Plaintiff Aracena and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

76.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

77.     The common questions of law and fact predominate over questions affecting only individual members.

78.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

79.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

80.     Plaintiff Aracena repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Aracena's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Aracena (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

82.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

84.     Defendants failed to pay Plaintiff Aracena (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.     Defendants' failure to pay Plaintiff Aracena (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Aracena (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.     Plaintiff Aracena repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Aracena (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.     Defendants' failure to pay Plaintiff Aracena (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Aracena (and the FLSA and Rule 23 Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

91.    Plaintiff Aracena repeats and realleges all paragraphs above as though fully set forth herein.

92.    At all times relevant to this action, Defendants were Plaintiff Aracena's(and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Aracena, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

93.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Aracena (and the FLSA and Rule 23 class members)less than the minimum wage.

94.    Defendants' failure to pay Plaintiff Aracena(and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

95.    Plaintiff Aracena (and the FLSA and Rule 23 class members) were was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

96.    Plaintiff Aracena repeats and realleges all paragraphs above as though fully set forth herein.

97.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Aracena (and the FLSA and Rule

23 class members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.     Defendants' failure to pay Plaintiff Aracena(and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

99.     Plaintiff Aracena (and the FLSA and Rule 23 class members) werewas damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

100.     Plaintiff Aracena repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants failed to provide Plaintiff Aracena (and the FLSA and Rule 23 Class members) with a written notice, in English and in Spanish (Plaintiff Aracena's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

102.     Defendants are liable to Plaintiff Aracena (and the FLSA and Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

103.    Plaintiff Aracena repeats and realleges all paragraphs above as though fully set forth herein.

104.    With each payment of wages, Defendants failed to provide Plaintiff Aracena (and the FLSA and Rule 23 Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

105.    Defendants are liable to Plaintiff Aracena (and the FLSA and Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

106.    Plaintiff Aracena repeats and realleges all paragraphs above as though set forth fully herein.

107.    Defendants did not pay Plaintiff Aracena on a regular weekly basis, in violation of NYLL §191.

108.    Defendants are liable to Plaintiff Aracena in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aracena respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aracena and the FLSA and Rule 23 Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aracena and the FLSA and Rule 23 Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Aracena's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Aracena and the FLSA and Rule 23 Class members;

(f)      Awarding Plaintiff Aracena and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Aracena and the FLSA and Rule 23 Class members liquidated

damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aracena and the FLSA and Rule 23 Class members;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aracena and the FLSA and Rule 23 Class members;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Aracena and members of the FLSA and Rule 23 Class;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Aracena's and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Aracena and the FLSA and Rule 23 Class members;

(m)     Awarding Plaintiff Aracena and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Aracena and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Aracena and members of the FLSA and Rule 23 Class liquidated

damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Aracena and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Aracena and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff Aracena demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 28, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 20, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Isidoro Aracena-Almonte**

                                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                           20 de febrero de 2019

*Certified as a minority-owned business in the State of New York*